## HERKIMER COUNTY COURT.

### ELIZABETH CROUSE, respondent agt. JACOB WALRATH, appellant.

Justices' courts have had jurisdiction of a class of cases known as trespass or trover, for a limited amount since the organization of the government, and the mere form of an action does not affect their jurisdiction.

The legislature as the law-making power, have the right to increase the jurisdiction of justices' courts, if they do not violate the provisions of the constitution.

Subdivision ten of section fifty-three of the Code of Procedure is not obnoxious to the provisions of the constitution, nor in conflict with the second section of article one of the constitution, with reference to trial by jury. (*This is adverse to the case of Baxter agt. Putney, 37 How., 140.*)

THIS is an appeal from a judgment rendered by a justice of the peace.

The action is replevin, or for the delivery of personal property.

The parties appeared before the justice, and after issue was joined the defendant demanded that the cause be tried by a jury, to be composed of twelve persons.

The justice not having the power to empannel such a jury, overruled the motion, and the cause was tried before the justice and judgment given for the plaintiff, the only question in the case is as to whether or not the justice had jurisdiction of the cause, and could proceed after the request had been made for a jury of twelve men.

MORRIS FIKES, *for appellant.*

I. The justice should have dismissed the cause when the defendant demanded a trial by a jury of twelve men, for he was then ousted of his jurisdiction, for juries in justices'

courts, cannot consist of more than six men. (3 *R. S.*, *5th ed.*, 441.)

II. The act of 1860, conferring jurisdiction on justices' courts in actions for claim and delivery of personal property is unconstitutional and void.

*a.* Prior to the adoption of the constitution in 1846, justices' courts had no jurisdiction of this class of cases.

*b.* Article one of section two, provides " the trial by jury in all cases, in which it has been heretofore used, shall remain inviolate forever."

*c.* The word jury, as used in the constitution, means a common law jury of twelve men. (13 *N. Y.*, 427–458; 18 *Barb.*, 451.)

III. The general term decision of *Daxter* agt. *Loomis*, MULLIN, J. (not reported), and of *Baxter* agt. *Putney* (37 *How.*, 140), are authorities in point in this case, and the *stare decisis* rule should be followed and the judgment reversed.

GEO. W. SMITH, *for respondent.*

I. The justice acquired jurisdiction by virtue of subdivision ten of section fifty-three of the Code.

II. The provisions of that section are not in violation of article one of section two of the constitution.

III. A statute increasing the civil jurisdiction of justices' courts, is not obnoxious to the provisions of the constitution by reason of the circumstances that it tranfers a class of cases from courts of record, where juries are composed of twelve men, to justices' courts where they consist of six. (*Dawson* agt. *Horan*, 51 *Barb.*, 459.)

IV. The provisions of the constitution securing the trial by jury, "in all cases in which it has heretofore been used," does not prevent the legislature from authorizing trials to be had otherwise than by a common law jury of twelve men in civil courts of local jurisdiction. (*People ex rel. Metropolitan Board of Health* agt. *Lane*, 6 *Abb.*, 106.)

Crouse agt. Walrath.

AMOS H. PRESCOTT, *Co. J.*—The only question that arises in this case is as to the intent and meaning of the 2d section of the 1st article of the constitution of 1846, which is in these words: "The trial by jury in all cases in which it has been heretofore used, shall remain inviolate forever." This provision was inserted in the first constitution adopted in this state after the organization of the government and the same provision has been continued and existed from that time down. The constitution of 1846 continued the office of justice of the peace; and the courts held by such officers were continued, and their power and jurisdiction as inferior courts has been left, since that time, the same as it was before, to be fixed by the legislative power; and the legislature has from time to time increased the jurisdiction of that class of officers, and no question has been raised in regard to the existence of such authority in the legislature, or if it has been raised it is clearly settled by judicial authority that the power exists. If there is nothing in the constitution which prohibits the legislature from enlarging the jurisdiction of justices' courts so far as the trial, or character of the jury is concerned, I cannot see how the provisions of the constitution first referred to are violated. Justices' courts heretofore had jurisdiction only to the extent of twenty-five dollars, now in the same class of cases they have jurisdiction to the amount of two hundred dollars, and it has been held that this is within the constitution and is not obnoxious to the constitutional provision referred to, by reason of the circumstance that it transfers a class of cases from courts of record, where juries are composed of twelve men, to justices' courts, in which they consist of six. Why does not the second section of article first of the constitution apply to such cases as well as to the one in question? Justices' courts have had jurisdiction all the time since the constitution of 1846, and also had before, to try actions for a limited amount in actions heretofore known as trespass or trover where the title of personal property was in question,

and disputed. Forms of actions are now abolished, and that authority is derived from our present constitution, the legislature has seen fit instead of compelling the party in justices' courts, to take the value of the property as damages, to allow such party to claim the thing itself, the questions to be tried and decided are no more difficult to be determined in the one case than the other, because the same questions are necessarily involved. A party cannot bring an action of replevin in a court of record and recover costs, unless the value of the property, or the damages amount to the sum of fifty dollars. In cases where the party is not responsible, or where the nature of the property is important, it very often was the case before the passage of the recent act, that a party was substantially without remedy, and it seems to me that the statute in question is a very necessary one, and the law should be upheld, unless we find that the legislature has exceeded its powers. In the case of *Greason* agt. *Keteltas*, (17 *N. Y.*, 491,) SELDEN, Judge says : " The right to a trial by jury in a proper case is absolute, and any decision of the court overruling or denying such right, would be palpably erroneous." The question before the court in that case was, whether the action was an action at law, or an equitable action, the court held it to be an action at law, and that the party had the right to have the cause tried by a jury of twelve men, provided he had insisted upon such right, but the question not having been raised in time, it was deemed to have been waived; had the question been raised in time, the nature of the action was such, it being an action at law in the supreme court, no other manner of trial existed. The question of the authority of the legislature in regard to trials in justices' courts, was not in any manner brought in question, or decided in the case refered to.

The case of *Wynehamer* agt. *The People*, (13 *N. Y.*, 378,) arose under the act of 1855, known as the prohibitory liquor law, by that statute courts, of special sessions were

authorized to try criminal offenses, and pronounce judgment summarily, and the party accused, was denied the benefit of the trial by jury. The magistrate had no power to let the defendant to bail to answer at another criminal court, but he was to proceed at once and determine upon the guilt or innocence of the accused, the court decided that constitutionaly, this power could not be conferred upon him. The question of the power which the people have, vested in the legislature to confer jurisdiction upon justices" courts in civil actions was not before the court in any manner, and no question has ever been raised until recently in regard to the constitutional authority of the legislature in such cases, notwithstanding the jurisdiction of these courts has been increased and extended from $25 to $200. The important question to be answered is what cases are referred to; the language is " in all cases, in which it has heretofore been used." The constitution provides for the organization of inferior tribunals, they can try a cause and proceed to final judgment, the nature of the action and the amount is left to the wisdom of the legislative power, justices' courts existed at the time of the adoption of the constitution of 1846, and I think, it cannot be claimed, but that the present constitution, intended to leave the power in the legislature to fix the jurisdiction, and provide the way and manner in which justices' courts shall transact business in proceeding to final judgment. I think, it cannot be successfully claimed, that if the legislature had the power to enlarge the jurisdiction of justice's courts in its discretion, from time to time, to any amount as it is conceded it may, and to give such courts jurisdiction in all civil actions so that causes may be tried before a justice of the peace, when a jury of twelve men is not called for, that in an action for the delivery of personal property of the value of one hundred dollars or under, that the section of the constitution refered to is violated, because the cause must be tried, if it can be tried in justice's court by a jury of six men. I think,

Crouse agt. Walrath.

the constitution vests the power in the legislature to establish in their discretion, the jurisdiction and the manner of the proceedings in justices' courts in all cases, where they are not prohibited from so doing, and that the section referred to was not intended to limit the power to that class of cases where justices' courts had jurisdiction by law at the time of the adoption of the constitution, and the act of 1860 is valid. Judgment affirmed.